# UNITED STATES DISTRICT COURT OF THE MASSACHUSETTS

Rolanda Previlon

Plaintiff,

V.

Experian Information Solutions, Inc.,

Defendant.

Civil Action No.

JURY TRIAL DEMANDED

## COMPLAINT AND DEMAND FOR JURY TRIAL

I, Rolanda Previlon ("Plaintiff"), bring this action against Experian Information Solutions, Inc. ("Experian"), and state as follows:

## PRELIMINARY STATEMENT

1. This is an action for actual, statutory, and punitive damages, costs, and attorneys' fees brought by Plaintiff against Experian for multiple willful and negligent violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq. ("FCRA").

## JURISDICTION AND VENUE

2. Jurisdiction arises under the FCRA, 15 U.S.C. § 1681p, which provides that an action to enforce liability under the FCRA may be brought in any appropriate United States District Court. This Court has subject matter jurisdiction under 28 U.S.C. § 1331.

3. Experian is subject to the provisions of the FCRA and is subject to the jurisdiction of this

UNITED STATES DISTRICT COURT OF THE MASSACHUSETTS

Court.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because Plaintiff resides in this District and the acts and omissions giving rise to this Complaint occurred, in whole or in part, in this District.

## PARTIES

5. Plaintiff Rolanda Previlon is a natural person residing in Allston, Massachusetts, and is a "Consumer" as that term is defined by 15 U.S.C. § 1681a(c).

6. Defendant Experian Information Solutions, Inc. is an Ohio corporation with its principal place of business at 475 Anton Boulevard, Costa Mesa, California 92626. Experian is a nationwide Consumer Reporting Agency ("CRA") within the meaning of 15 U.S.C. § 1681a(f), in that, for monetary fees, dues, and/or on a cooperative nonprofit basis, it regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses means or facilities of interstate commerce for the purpose of preparing or furnishing consumer reports, specifically the mail and internet. As a CRA, Experian is aware of its obligations under the FCRA.

## FACTUAL ALLEGATIONS

### A. Plaintiff's October 2025 Consumer Disclosure

7. On or about October 8, 2025, Plaintiff requested and obtained a copy of her consumer credit disclosure from Experian via annualcreditreport.com. Experian provided Plaintiff with an electronic copy of her Consumer Disclosure bearing Report Number 0315-7111-84, dated October 8, 2025 ("Experian's Disclosure" or the "Report"). SEE PLAINTIFF'S EXHIBIT

**UNITED STATES DISTRICT COURT OF THE MASSACHUSETTS**

A.

8. Pursuant to 15 U.S.C. § 1681g(a), upon receipt of Plaintiff's request, Experian was required to "clearly and accurately" disclose all information in Plaintiff's file at the time of her request, with the limited exception that her Social Security number could be truncated upon request.

## B. Truncated and Missing Account Numbers

9. Experian's Disclosure is riddled with truncated account numbers across numerous tradelines. Specifically, Experian disclosed account numbers in the following deficient forms: "149XXXX" for the Acima Digital FKA Simple account; "585637XXXXXXXXXX" for the ADS/Comenity/Victoria account; "211279XX" for the Bullcity Financial Solutions account; "153395XX" for the Credit Collection Servic account; "547388XX" for the Credit Control, LLC account; "229236XX" for one First Federal Credit Control account; "232295XX" for the second First Federal Credit Control account; "178663XXX" for the I C System Inc. account; "391194XXXXXXX" for the Jefferson Capital Systems account; "CL5VO3XXXX" for the Kikoff Lending LLC account; "486674X" for the National Credit Systems account; "100424XXXXXXXXXXX" for the Online Information Servi account; "517800XXXXXXXXXX" for the Premier Bkcrd/First Premier account; "300002XXXXXXXXXXX" for the Santander Consumer USA account; "CBA000XXXXXXXXXXXXX" for the SBNASelfLndr account; and "110000XXXXXXXXX" for the SE Toyota Fin DBA of WOFC account.

10. On information and belief, the data furnishers for these accounts reported full account numbers to Experian, and those full account numbers were contained within Experian's file

**UNITED STATES DISTRICT COURT OF THE MASSACHUSETTS**

regarding Plaintiff at the time of Plaintiff's request.

11. When Experian produces and sells consumer reports regarding Plaintiff to third parties, the full account numbers are included in those reports. The accuracy of Experian's reports to third parties demonstrates its ability to comply with 15 U.S.C. § 1681g(a) as well as its knowledge of the contents of its files.

12. Due to widespread systemic problems, Experian's automated systems omit full account numbers from consumer disclosures provided through annualcreditreport.com, replacing them with truncated placeholders. Experian knows of this error but, despite such knowledge, has yet to correct it.

13. Experian's failure to disclose full account numbers greatly decreases Plaintiff's ability to understand her consumer credit disclosure, identify the accounts appearing in her file, and compare those accounts with her own records. Absent such information, a consumer is reduced to, at best, playing detective and, at worst, guessing as to whether the information in the report is accurate. This failure violates FCRA's requirement that a CRA disclose all information contained in a consumer's credit file clearly and accurately.

14. Further, pursuant to the FTC Advisory Opinion to Darcy (June 30, 2000), "it is our view that a CRA that always scrambles or truncates account (or social security) numbers does not technically comply with Section 609 because it does not provide 'accurate' (and perhaps not 'clear') disclosure of 'all information' in the file." SEE PLAINTIFF'S EXHIBIT B.

15. Similarly, the Consumer Financial Protection Bureau has taken the position that Experian's systematic truncation of account numbers violates § 1681g(a)(1). See CFPB v. Experian Information Solutions, Inc., No. 23-cv-01112 (C.D. Cal. filed Feb. 14, 2023).

UNITED STATES DISTRICT COURT OF THE MASSACHUSETTS

### C. Multiple Fabricated Name Variants

16. Experian's Disclosure lists seven (7) name variants associated with Plaintiff's file: ROLANDA PREVILON; ROLADNA PREVILON; ROLANDA REVILON; PREVILON ROLANDA; ROLANDA PREZILON; ROLANDA R PREVILON; and ROLANDA ANTOINE. The correct legal name of Plaintiff is Rolanda Previlon.

17. The presence of six (6) name variants that are either misspellings of Plaintiff's name or variations that do not correspond to any name Plaintiff has ever used suggests that Experian's file may contain information belonging to other individuals that has been merged with Plaintiff's file, or that Experian is failing to maintain reasonable procedures to ensure maximum possible accuracy of information in Plaintiff's file.

18. The reporting of name variant "ROLANDA ANTOINE" is particularly significant, as this surname does not match Plaintiff's name in any reasonable variation and indicates that information from another consumer's file has been mixed into Plaintiff's consumer report.

19. Experian's reporting of fabricated and inaccurate name variants constitutes a violation of 15 U.S.C. § 1681e(b), which requires CRAs to follow reasonable procedures to assure maximum possible accuracy of the information in consumer reports.

### D. Invalid Date Entries in the Kikoff Lending Account

20. Experian's Disclosure shows the Kikoff Lending LLC account (Account Number CL5VO3XXXX) containing at least eleven (11) entries reading "Invalid date" within the Comments/Previous section of the tradeline. Specifically, the prior comment field contains the following entry: "Invalid date, Invalid date, Invalid date, Invalid date, Invalid date, Invalid date, Invalid date, Invalid date, Invalid date, Invalid date, Invalid date."

21. These "Invalid date" entries are not legitimate credit information and do not represent any

**UNITED STATES DISTRICT COURT OF THE MASSACHUSETTS**

actual credit event. They are the product of Experian's defective data processing systems and constitute materially inaccurate information being maintained and disseminated in Plaintiff's consumer file.

22. Similarly, the Online Information Servi account (Account Number 100424XXXXXXXXXXX) also contains a prior comment field with seven (7) "Invalid date" entries, confirming that this is a systemic error affecting multiple tradelines in Plaintiff's file.

23. The reporting of "Invalid date" entries across multiple tradelines in Plaintiff's file constitutes a violation of 15 U.S.C. § 1681e(b) in that these entries are plainly inaccurate, are not the product of reasonable data procedures, and create a materially misleading picture of Plaintiff's credit history to any prospective creditor reviewing the report.

**E. Multiple Collection Accounts with Missing Payment History**

24. Experian's Disclosure shows at least six (6) active collection accounts attributed to Plaintiff, including accounts from Bullcity Financial Solutions ($447), Credit Collection Servic ($485), Credit Control, LLC ($814), First Federal Credit Control ($1,417 and $888), I C System Inc. ($371), Jefferson Capital Systems ($2,158), and Online Information Servi ($221). These collection accounts report a combined outstanding balance of approximately $6,607.

25. Many of these collection tradelines show blank or minimal payment history data, with scheduled payment amounts reported as $0.00 and payment entries of $0.00, failing to provide meaningful context about the underlying debt, the original creditor's relationship with Plaintiff, or the history of the debt prior to placement with the collector.

26. The Acima Digital FKA Simple account (Account Number 149XXXX) shows a charge-

Case 1:26-cv-11545-JDH   Document 1   Filed 04/01/26   Page 7 of 15

off status with $1,120 written off and $815 past due as of August 2019, yet the payment history section is entirely blank, depriving Plaintiff of the ability to assess the accuracy of the account or compare it against her own records.

27. The ADS/Comenity/Victoria account (Account Number 585637XXXXXXXXXX) shows a closed status with a most recent payment of $372, but all other balance, payment, and credit limit fields are blank or marked as dashes, rendering the tradeline materially incomplete.

**F. Plaintiff's Pre-Suit Dispute and Experian's Failure to Reinvestigate**

28. Approximately three to four months prior to the filing of this Complaint, Plaintiff sent a written dispute to Experian identifying the specific inaccuracies described herein, including the truncated account numbers, the fabricated name variants, the "Invalid date" entries in the Kikoff Lending and Online Information Servi tradelines, and the materially incomplete collection account tradelines. Plaintiff transmitted her dispute to Experian by certified mail or via Experian's online dispute portal.

29. Upon receipt of Plaintiff's dispute, Experian was required, pursuant to 15 U.S.C. § 1681i(a)(1), to conduct a reasonable reinvestigation of the disputed items within thirty (30) days of receiving Plaintiff's dispute.

30. Experian either failed to conduct a reasonable reinvestigation, failed to correct or delete the inaccurate information identified in Plaintiff's dispute, or failed to adequately respond to Plaintiff's dispute within the time required by the FCRA. The inaccuracies described herein remain present in Plaintiff's consumer file and in consumer reports disseminated by Experian, as evidenced by the October 8, 2025 Disclosure.

31. Experian's failure to conduct a reasonable reinvestigation and correct or delete inaccurate

UNITED STATES DISTRICT COURT OF THE MASSACHUSETTS

information following Plaintiff's dispute constitutes a violation of 15 U.S.C. § 1681i(a).

### G. Unauthorized Hard Inquiries

32. Experian's Disclosure reflects twelve (12) hard inquiries in Plaintiff's file. Plaintiff did not authorize all of the entities reflected in those hard inquiries to obtain a consumer report on Plaintiff. Unauthorized hard inquiries constitute a violation of 15 U.S.C. § 1681b, which limits the permissible purposes for which a consumer report may be obtained.

33. Each unauthorized hard inquiry appearing in Plaintiff's consumer file represents a separate and distinct violation of 15 U.S.C. § 1681b and has independently harmed Plaintiff by decreasing her credit scores, limiting her access to credit, and identifying Plaintiff to prospective lenders as an individual who frequently seeks credit.

### H. Willfulness, Systemic Nature, and Standing

34. Experian's conduct described herein is willful within the meaning of 15 U.S.C. § 1681n and Safeco Insurance Co. of America v. Burr, 551 U.S. 47 (2007). Experian knows of the systemic defects in its disclosure systems that produce truncated account numbers, "Invalid date" entries, and mixed consumer files with fabricated name variants, yet has failed to correct these defects despite their widespread and recurring nature.

35. The presence of the same systemic errors truncated account numbers and "Invalid date" entries across multiple tradelines in Plaintiff's file, together with the CFPB's prior litigation against Experian for the same account-number truncation practice, establishes that Experian's violations are not inadvertent but reflect a deliberate policy of non-compliance or reckless disregard for the requirements of the FCRA. This satisfies the willfulness standard articulated in Safeco.

**UNITED STATES DISTRICT COURT OF THE MASSACHUSETTS**

36.    Plaintiff has standing to bring this action pursuant to Article III of the United States Constitution and TransUnion LLC v. Ramirez, 141 S. Ct. 2190 (2021). The inaccurate and incomplete information in Plaintiff's consumer file has been disseminated by Experian to third parties, including prospective creditors, in the form of consumer reports. This dissemination of inaccurate information to third parties constitutes a concrete injury to Plaintiff's legally cognizable interest in the accuracy of her consumer reports, her reputation with prospective creditors, and her ability to obtain credit on favorable terms.

## I. Damages

37.    As a direct and proximate result of Experian's violations of the FCRA described herein, Plaintiff has suffered actual damages including, but not limited to: denial of credit or inability to obtain credit on favorable terms; damage to her credit scores; damage to her reputation with prospective creditors; emotional distress; humiliation; frustration; mental anguish; anxiety; and loss of sleep. Specifically, as a result of the inaccurate information Experian has disseminated in my consumer reports, I have been unable to qualify for credit on favorable terms, have suffered damage to my reputation with prospective creditors, and have experienced ongoing emotional distress and loss of sleep.

38.    Experian's knowing and repeated conduct warrants an award of punitive damages pursuant to 15 U.S.C. § 1681n(a)(2).

UNITED STATES DISTRICT COURT OF THE MASSACHUSETTS

## COUNT I

## VIOLATION OF 15 U.S.C. § 1681g(a)(1)

### FAILURE TO CLEARLY AND ACCURATELY DISCLOSE ALL FILE INFORMATION

39.     Plaintiff adopts and incorporates paragraphs 1 through 38 as if fully stated herein.

40.     Experian violated 15 U.S.C. § 1681g(a)(1) when responding to Plaintiff's request for her consumer disclosure by failing to clearly and accurately disclose to Plaintiff all of the information in her file at the time of the request. Specifically, Experian disclosed at least sixteen (16) accounts with truncated account numbers, replacing the full account numbers reported by data furnishers with partial strings containing multiple "X" characters, thereby failing to disclose the full account numbers that were contained in Plaintiff's file at the time of her request.

41.     Experian knowingly provided inaccurate and incomplete information in Plaintiff's disclosure, as it knew of these issues, which have been identified and disputed by other consumers for years, and which are the subject of regulatory action by the Consumer Financial Protection Bureau.

42.     Experian is therefore liable to Plaintiff, pursuant to 15 U.S.C. § 1681n, for the greater of Plaintiff's actual damages and statutory damages of up to $1,000 per violation, plus punitive damages and costs.

43.     Alternatively, Experian's conduct was negligent, and Experian is therefore liable to Plaintiff pursuant to 15 U.S.C. § 1681o for Plaintiff's actual damages, plus costs.

UNITED STATES DISTRICT COURT OF THE MASSACHUSETTS

## COUNT II

### VIOLATION OF 15 U.S.C. § 1681e(b)

**FAILURE TO FOLLOW REASONABLE PROCEDURES TO ASSURE MAXIMUM POSSIBLE ACCURACY**

44. Plaintiff adopts and incorporates paragraphs 1 through 38 as if fully stated herein.

45. Experian violated 15 U.S.C. § 1681e(b) by failing to follow reasonable procedures to assure maximum possible accuracy of the information in consumer reports it prepared concerning Plaintiff. Specifically, Experian: (a) maintains and disseminates at least six (6) name variants associated with Plaintiff's file, including one variant bearing a surname ("Antoine") that does not belong to Plaintiff, indicating a mixed file or failure to maintain reasonable procedures to prevent commingling of consumer data; (b) maintains and disseminates "Invalid date" entries across at least two (2) tradelines in Plaintiff's file, representing plainly inaccurate data generated by defective automated systems; (c) maintains and disseminates materially incomplete tradeline data for multiple collection and charge-off accounts, depriving prospective creditors of accurate and complete information regarding Plaintiff's credit history; and (d) fails to follow reasonable procedures sufficient to prevent these systematic errors from appearing in consumer reports furnished to third parties.

46. Experian is therefore liable to Plaintiff, pursuant to 15 U.S.C. § 1681n, for the greater of Plaintiff's actual damages and statutory damages of up to $1,000 per violation, plus punitive damages and costs.

47. Alternatively, Experian's conduct was negligent, and Experian is therefore liable to Plaintiff pursuant to 15 U.S.C. § 1681o for Plaintiff's actual damages, plus costs.

UNITED STATES DISTRICT COURT OF THE MASSACHUSETTS

## COUNT III

## VIOLATION OF 15 U.S.C. § 1681i

### FAILURE TO CONDUCT REASONABLE REINVESTIGATION

48. Plaintiff adopts and incorporates paragraphs 1 through 38 as if fully stated herein.

49. Pursuant to 15 U.S.C. § 1681i(a)(1), upon Plaintiff's written notification of disputed information, Experian was required to conduct a free and reasonable reinvestigation of the disputed information within thirty (30) days.

50. Plaintiff disputed the specific inaccuracies identified herein with Experian approximately three to four months prior to the filing of this Complaint. Despite Plaintiff's dispute, Experian failed to conduct a reasonable reinvestigation, failed to correct or delete the disputed inaccurate information, and/or failed to adequately respond to Plaintiff's dispute as required by 15 U.S.C. § 1681i.

51. The inaccuracies identified in Plaintiff's dispute including the truncated account numbers, fabricated name variants, "Invalid date" entries, and materially incomplete collection tradelinesremain present in Plaintiff's consumer file, as confirmed by the October 8, 2025 Disclosure.

52. Experian is therefore liable to Plaintiff, pursuant to 15 U.S.C. § 1681n, for the greater of Plaintiff's actual damages and statutory damages of up to $1,000 per violation, plus punitive damages and costs.

53. Alternatively, Experian's conduct was negligent, and Experian is therefore liable to Plaintiff pursuant to 15 U.S.C. § 1681o for Plaintiff's actual damages, plus costs.

UNITED STATES DISTRICT COURT OF THE MASSACHUSETTS

## COUNT IV

## VIOLATION OF 15 U.S.C. § 1681b

### UNAUTHORIZED OBTAINMENT OF CONSUMER REPORT

54.  Plaintiff adopts and incorporates paragraphs 1 through 38 as if fully stated herein.

55.  Experian's Disclosure reflects twelve (12) hard inquiries in Plaintiff's consumer file. Plaintiff did not authorize all entities reflected in those inquiries to obtain a consumer report on Plaintiff, and those entities lacked a permissible purpose under 15 U.S.C. § 1681b for obtaining such reports.

56.  Each unauthorized hard inquiry constitutes a separate violation of 15 U.S.C. § 1681b and has caused Plaintiff concrete harm, including reduction in credit scores, impairment of Plaintiff's ability to obtain credit on favorable terms, and emotional distress.

57.  Experian is therefore liable, pursuant to 15 U.S.C. § 1681n, for the greater of Plaintiff's actual damages and statutory damages of up to $1,000 per violation for each unauthorized inquiry, plus punitive damages and costs.

58.  Alternatively, Experian's conduct was negligent, and Experian is therefore liable to Plaintiff pursuant to 15 U.S.C. § 1681o for Plaintiff's actual damages, plus costs.

**UNITED STATES DISTRICT COURT OF THE MASSACHUSETTS**

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Rolanda Previlon respectfully prays that this Honorable Court enter judgment against Experian Information Solutions, Inc. and grant the following relief:

a.  Actual damages pursuant to 15 U.S.C. §§ 1681n(a)(1)(A) and 1681o(a)(1);

b.  Statutory damages of not less than $100 and not more than $1,000 per violation pursuant to 15 U.S.C. § 1681n(a)(1)(A);

c.  Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

d.  Costs of suit pursuant to 15 U.S.C. §§ 1681n(a)(3) and 1681o(a)(2);

e.  An order requiring Experian to correct all inaccuracies identified herein and to provide Plaintiff with a corrected consumer disclosure; and

f.  Such other and further relief that this Court deems just and proper.

UNITED STATES DISTRICT COURT OF THE MASSACHUSETTS

Respectfully submitted,

_Rolanda Previlon_

Rolanda Previlon, Pro Se

66 Glenville AVE. APT 17

Allston MA, 02134-3467

Previlonnr@gmail.com

Date: March 31, 2026